HARWOOD GOUDY *vs.* IDA LITTLEJOHN.

EUGENE CLARK *vs.* IDA LITTLEJOHN.

Lincoln.      Opinion June 10, 1929.

*George A. Cowan,* for plaintiffs.

*Ellis B. Aldrich,*
*Joseph E. F. Connolly,*
*Clinton C. Palmer,* for defendant.

SITTING: WILSON, C. J., DUNN, BARNES, PATTANGALL, FARRING-
TON, JJ.

PATTANGALL, J.   On motion.  Real actions.  Cases tried to-
gether.  Verdict for plaintiff in each case.

Plaintiff Goudy demanded of defendant possession of certain
land described in his amended declaration as follows:

"Beginning on the south side of Church Street, at the
northwest corner of land of Harrison Puffer; thence south
two and three-fourths degrees east by last named land, along
a fence 201.5 feet to the north line of land of Kendall M.
Dunbar and a board fence; thence westerly by said Dunbar
fence to an angle in said fence; thence south eighty-six and
one-fourth degrees west along said Dunbar fence to said
Dunbar's northwest corner, a distance in all along said board
fence of 125.2 feet; thence continuing on same course 25 feet
to the southeast corner of land of Eugene Clark; thence north
eight and one-fourth degrees west, by said Clark land, 160
feet to the south side of Church Street; thence by said Church
Street, north 71 degrees east, 145 feet and north seventy and
one-half degrees east, 48.2 feet, to the point of beginning."

Plaintiff Clark demanded of the defendant possession of certain
land described in his amended declaration as follows:

"Beginning on the south side of Church Street at the north-
west corner of land of Harwood Goudy; thence by said Goudy
land south eight and one-fourth degrees east 160 feet; thence
south eighty-six and one-fourth degrees west to the southeast
corner of land of heirs of Warren Hatch; thence by said
Hatch land, north, sixteen and one-half degrees west, along a
fence 130 feet to the south side of said Church Street; thence
by said Church Street 148.2 feet to the point of beginning."

In each case, defendant filed a plea of nul disseizin and a dis-
claimer.  In the Goudy case, the land disclaimed is described as
follows,

"Land described in plaintiff's writ situated northerly of the southerly line of land formerly of Knowlton or Hitchcock, which line runs north 88° east through a point 8 feet northerly of the northwest corner of the fence of Kendall M. Dunbar, said distance of 8 feet being the continuation northerly of the westerly line of said Dunbar's land beyond said northwest corner and the point at which the westerly line of said Dunbar's land ended at the line of land formerly of Martha Hitchcock or Jacob Knowlton; nor of any part of said premises of the said Goudy line lying easterly of the westerly line of said Dunbar herein described."

In the Clark case, the land disclaimed is described as follows,

"Land described in plaintiff's writ situated northerly of the southerly line of land formerly of Knowlton or Hitchcock, which line runs north 88° east through a point 8 feet northerly of the northwest corner of the fence of Kendall M. Dunbar, said distance of 8 feet being the continuation northerly of the westerly line of said Dunbar's land beyond said northwest corner and the point at which the westerly line of said Dunbar's land ended at the line of land formerly of Martha Hitchcock or Jacob Knowlton (said Dunbar land lying easterly of that of the said Ida Littlejohn) ; nor of any part of the said premises of the said Clark lying westerly of the westerly line of the premises of the said Littlejohn, which westerly line of said Littlejohn's premises ends at the southerly line of land formerly of Knowlton or Hitchcock, which southerly line has the course above indicated."

There was no controversy between the parties as to the western or eastern bounds of land of defendant or either of plaintiffs. There was no controversy as to the northern bound of either plaintiff's land or the southern bound of defendant's land. The dispute was as to the location of defendant's north line which was also the south line of both plaintiffs. And there was no question but that the "southerly line of land formerly of Knowlton or Hitchcock" was the dividing line between land of defendant and land of both plaintiffs.

The issue then was to locate this line on the face of the earth and to that issue and that alone the attention of the trial court was

directed. Defendant claimed nothing north of that line. Plaintiffs claimed nothing south of it. Without any formal stipulation to that effect being entered on the record, the parties by their pleadings, by the evidence introduced, by their entire course of conduct, admitted the title of the one to the land south and of the others to the land north of the division line which was in dispute and the location of which was submitted to the jury.

Defendant now urges, in support of his motion, that both plaintiffs failed to prove title to the demanded premises. No such issue was raised below. True, the deeds submitted did not, taken by themselves, furnish technically adequate proof of title. They were supplemented by evidence of occupation, perhaps not in itself wholly sufficient to establish title by adverse possession. More complete evidence of record title and additional testimony regarding occupation might well have been introduced had title been in controversy. There was no controversy on that point. Title to the land north of the Knowlton or Hitchcock line was admittedly in plaintiffs, just as title to land south of that line was admittedly in defendant.

Excepting that the deeds were of some value for descriptive purposes, the case, on the issues framed by the pleadings and on which it was fully and fairly tried, could have been decided without the introduction of a single deed.

That technical proof is lacking of that which the litigants assumed to be true, after a long trial during which that assumption was acted upon by all concerned, is no ground on which to set aside a verdict on general motion.

The evidence concerning the location of the division line was voluminous and conflicting. The jury found for the plaintiffs. We can not disturb its findings. There is ample evidence to support them.

*Motion overruled.*